

# Cave v. Thurston

United States District Court for the Eastern District of Arkansas, Central Division

October 22, 2021, Decided; October 22, 2021, Filed

Case No. 4:18-cv-00342-KGB

**Reporter**
2021 U.S. Dist. LEXIS 203757 *; 2021 WL 4936185

DONNA CAVE, et al., PLAINTIFFS EUGENE LEVY, et al., CONSOLIDATED PLAINTIFFS THE SATANIC TEMPLE, et al., INTERVENORS v. JOHN THURSTON, Arkansas Secretary of State, in his official capacity, DEFENDANT

**Counsel:** [*1] For Donna Cave, Judith Lansky, Pat Piazza, Susan Russell, Plaintiffs: Andrew G. Schultz, Melanie B. Stambaugh, LEAD ATTORNEYS, PRO HAC VICE, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, NM; John L. Burnett, LEAD ATTORNEY, Lavey & Burnett, Little Rock, AR; Joshua D. Gillispie, LEAD ATTORNEY, Green & Gillispie, North Little Rock, AR.

For Eugene Levy, Rabbi, Gale Stewart, Anne Orsi, Walter Riddick, Joan Dietz, Teresa Grider, Arkansas Society of Freethinkers, Victor H Nixon, Rev., Freedom From Religion Foundation Inc, American Humanist Association, Consol Plaintiffs: David A. Niose, LEAD ATTORNEY, PRO HAC VICE, Law Offices of David Niose, Fitchburg, MA; James Gerard Schulze, LEAD ATTORNEY, Baker Schulze Murphy & Patterson, Little Rock, AR; Monica L. Miller, LEAD ATTORNEY, PRO HAC VICE, American Humanist Association, Washington, DC; Patrick C. Elliott, LEAD ATTORNEY, PRO HAC VICE, Freedom from Religion Foundation, Madison, WI.

For John Thurston, Arkansas Secretary of State, in his official capacity (originally named as Mark Martin), Defendant: Dylan L. Jacobs, LEAD ATTORNEY, Arkansas Attorney General's Office, Little Rock, AR; Gary L. Sullivan, LEAD ATTORNEY, Arkansas Secretary [*2] of State - Legal Division, State Capitol Building, Little Rock, AR; Nicholas Jacob Bronni, LEAD ATTORNEY, Arkansas Attorney General's Office, Catlett-Prien Tower Building, Little Rock, AR; Hiram S. Sasser, III, First Liberty Institute, Plano, TX; Lea Elyse Patterson, First Liberty Institute, Plano, TX; Michael D. Berry, First Liberty Institute, Plano, TX; Michael Cantrell, Arkansas Attorney General's Office, Catlett-Prien Tower Building, Little Rock, AR; Vincent Moore Wagner, Arkansas Attorney General's Office, Catlett-Prien Tower Building, Little Rock, AR; William C. Bird, III, Arkansas Attorney General's Office, Catlett-Prien Tower Building, Little Rock, AR.

For Satanic Temple, Lucien Greaves, Erika Robbins, Intervenor: Matthew A. Kezhaya, LEAD ATTORNEY, Kezhaya Law PLC, Bentonville, AR; Stuart P. De Haan, LEAD ATTORNEY, PRO HAC VICE, de Haan Law Firm, PLLC, Tuscon, AZ.

**Judges:** Kristine G. Baker, United States District Judge.

**Opinion by:** Kristine G. Baker

## Opinion

<u>**ORDER**</u>

Before the Court are two motions related to discovery in this matter. The Satanic Temple, Lucien Greaves, and Erika Robbins (collectively "The Satanic Temple Intervenors" or "TSTI") filed a motion to compel discovery (Dkt. No. 120). John Thurston, [*3] Arkansas Secretary of State, in his official capacity, filed a motion for an order to show cause and compel the Satanic Temple to make court-ordered production of documents (Dkt. No. 124). The Court held a hearing on these motions (Dkt. No. 134). The Court entered a short order granting, in part, and denying, in part, each of the two motions related to discovery in this matter (Dkt. No. 145). This Order sets forth its reasons.

**I. Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that

**EXHIBIT A**

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The Rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (construing the same language that appeared in a prior version of Rule 26); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence"). The spirit of Rule 26(a) is that discovery be self-effectuating, without need to resort to the Court, and that its scope be liberal, extending to all matters [*4] reasonably calculated to lead to admissible evidence. This standard is well-ensconced and is generally known and understood by civil practitioners. *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134 (8th Cir. 1968); *Carlson Cos., Inc. v. Sperry and Hutchinson Co.*, 374 F. Supp. 1080, 1100 (D. Minn. 1974); *National Organization for Women, Inc. (NOW), St. Paul Chapter v. Minnesota Min. & Mfg. Co.*, 73 F.R.D. 467 (D.C. Minn. 1977); *see also Laker Airways Ltd. v. Pan American World Airways*, 103 F.R.D. 22 (D.C. Cir. 1984).

"Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Rollscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa 1992); s*ee also Davis v. Union Pacific R.R. Co.*, Case No. 4:07-cv-000521 BSM, 2008 U.S. Dist. LEXIS 67290, 2008 WL 3992761, at *2 (E.D. Ark. 2008) ("A request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."); *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (same). Nevertheless, "there must be at least a 'threshold showing of relevance' before parties 'are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'" *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 557 (N.D. Iowa 2015) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

**II. The Satanic Temple Intervenors' Motion**

TSTI propounded discovery requests to Secretary Thurston (Dkt. No. 120-1). TSTI propounded discovery, to which the state responded with initial responses and supplemental responses (Dkt. Nos. 120-4; 120-5). TSTI engaged in good faith negotiations in an effort to avoid filing the motion to compel [*5] (Dkt. No. 120-6), agreeing to limit certain requests.

In good faith negotiations, TSTI agreed to limit its discovery requests seeking correspondence to only correspondence sent from General Assembly members or staff; TSTI agreed that correspondence sent by the Governor or staff need not be provided (Dkt. No. 120-6). TSTI agreed to limit its request for "meeting minutes" to "non-legislative meetings," specifying TSTI's narrowed request as "meetings held between General Assembly members, or their staff, and non-General Assembly members." (Dkt. No. 120-6; First RFPs Nos. 14, 15). TSTI explained that "[i]t is anticipated that these meeting minutes will shed light on the origins and purposes of the two complained-of Acts." (Dkt. No. 120-6). TSTI agreed to withdraw its request for notes created by state employees pertaining to either Act (Dkt. No. 120-6; First RFPs Nos. 16, 17). TSTI agreed to withdraw its request for CC&E forms (Dkt. No. 120-6; First RFPs No. 18).

According to TSTI, defendants opted to stand on their responses and objections (Dkt. No. 120, at 2).

TSTI's motion to compel focuses on four topics of discovery, according to TSTI: (1) "[c]orrespondence, including emails, sent from [*6] January 1, 2015 to present by General Assembly members or their respective staff, pertaining to this litigation"; (2) "[s]tate-possessed governance documents and tax documents related to the American Heritage and History Foundation ('AHHF,') the State Sen. Rapert organization through which he fundraised and donated the monument"; (3) "[s]tate-possessed governance documents and tax documents related to the National Association of Christian Lawmakers ('NACL,') the State Sen. Rapert organization through which he proclaims religious purposes behind actions as a legislator"; and (4) "[m]eeting minutes and notes, between General Assembly members or their staff and non-General Assembly members, pertaining to the Ten Commandments Monument Display Act and Act 274 of 2017. . . ." (Dkt. No. 120, at 1-2).

**A. Overall Arguments**

TSTI requests that this Court address the following overall arguments pertinent to the parties' discovery

**EXHIBIT A**

Case 4:23-cv-00825-DPM Document 16-2 Filed 04/19/24 Page 3 of 16

Page 3 of 16
2021 U.S. Dist. LEXIS 203757, *6

dispute.

**(1) Possession of Documents**

TSTI maintains: "The State claims not to possess state tax records, correspondence from General Assembly members, or any documents 'in the possession of the State of Arkansas or any of its employees' related to AHHF or NACL or their respective [*7] activities." (Dkt. No. 120, at 3). TSTI is concerned based on comments from defense counsel that defense counsel is taking the position that only Secretary Thurston must respond about documents in his possession, not on behalf of the State of Arkansas. TSTI emphasizes that Secretary Thurston is named as a defendant in his official capacity and cites *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985), for the proposition that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." (*Id.*).

Having reviewed the briefing and inquired of counsel during argument, the Court is unclear as to what position Secretary Thurston takes with respect to this issue. Initially, he asserts that TSTI is incorrect, that the State of Arkansas is not the defendant, and that instead the defendant "is, plainly, Secretary Thurston is his official capacity." (Dkt. No. 123, at 3). Secretary Thurston later makes this statement in his filing: "Further, even if the State of Arkansas were a defendant in this action, then because sovereign immunity is immunity to suit, that doctrine would absolutely preclude the State from [*8] being compelled to respond to discovery." (Dkt. No. 123, at 3). The cases that Secretary Thurston cites for this statement do not involve discovery nor do they involve cases with claims similar to the claims asserted here.

"A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (citations omitted).

The Eleventh Amendment establishes a general prohibition of suits in federal court by a citizen of a state against his state or an officer or agency of that state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

However, there are exceptions to this rule. Relevant here, a suit against a state official may go forward in the limited circumstances identified by the Supreme Court in *Ex Parte Young*. Under the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law. In determining whether this exception applies, a court conducts "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (alteration in original) [*9] (internal quotation omitted). Here, there is no dispute that the relief plaintiffs seek is prospective and that they have alleged Secretary Thurston, in his official capacity, is engaged in an ongoing violation of federal law. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011).

Secretary Thurston also asserts that he "does not have possession, custody, or control of the vast majority of the records" that TSTI seeks to compel (Dkt. No. 123, at 2). Secretary Thurston maintains that he is "not the custodian of correspondence, notes, or other material for the General Assembly, the Governor, and certainly not for 'the State of Arkansas' and 'its employees.'" (*Id.*).

Federal Rule of Civil Procedure 34(a) permits any party to serve on any other party a request to produce and to allow the party making the request, or someone acting on the party's behalf, to inspect and copy any designated documents or things that contain matters within the scope of Federal Rule of Civil Procedure 26(b) that are in the possession, custody, or control of the party upon whom the request is served. The Court observes that these three words are separated by "or," not "and." Only one of the three must exist to permit discovery. Documents are "'deemed to be within the 'possession, custody, or control'. . . if the party has actual possession, [*10] custody or control, or has the legal right to obtain the documents on demand.'" *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (quoting *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *see also In re Hallmark Cap. Corp.*, 534 F. Supp. 2d 981, 982 (D. Minn. 2008).

"[C]ontrol is defined as 'the legal right, authority, or ability to obtain upon demand documents in the possession of another.'" *Id.* (internal citation omitted). Because courts also require production if the party has the practical ability to obtain the documents from another "irrespective of his legal entitlement to the

<span style="color:red">EXHIBIT A</span>

documents," "'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.* (citations omitted). Applying the concept of "control" is "often highly fact-specific." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2210, at p. 397 (2d ed. 1994).

The Court has reviewed Secretary Thurston's objections and will make specific rulings as to those discovery requests that are the subject of the motion to compel.

Generally, to the extent Secretary Thurston maintains that he does not have possession, custody, or control over a **[*11]** document sought by TSTI in discovery, Secretary Thurston is directed to state explicitly in his objection to the document request that he is not in possession, custody, or control of the document or category of documents being sought by the request and must so state specifically in relation to that document or category of documents; blanket objections on this basis to a request are inappropriate at this stage of the litigation. Neither TSTI nor the Court should be left to guess as to which document Secretary Thurston claims this objection.

Further, if Secretary Thurston has in his possession, custody, or control documents that are responsive to TSTI's discovery requests, the Court fails to understand the legal basis on which Secretary Thurston claims that he lacks possession, custody, or control over the document. If Secretary Thurston intends to take this position in response to a discovery request for a document in his possession, custody, or control, he must make explicit to TSTI and the Court that he has responsive documents in his possession, custody, or control but persists in taking this position. He must comply with the Federal Rules of Civil Procedure and this Court's Order **[*12]** and log documents on a privilege log that complies with this Court's Order. Secretary Thurston also must cite the specific legal authority providing the basis for his objection and his claimed legal position.

If Secretary Thurston takes the position in response to the document request that he is not in possession, custody, or control of the document or category of documents, Secretary Thurston must state the document's or category of documents' present location and the identity and position of its custodian or must affirm that he does not have knowledge to provide this information.

**(2) Legislative Privilege**

TSTI asserts that "[t]he State claims legislative privilege to emails pertaining to this litigation." (Dkt. No. 120, at 3). TSTI cites *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 540, 113 S. Ct. 2217, 124 L. Ed. 2d 472 (1993), for the proposition that "statements made by members of the decision making body are relevant to determine whether religious animus is at play." (*Id.*). TSTI further maintains that "the state legislative privilege is a qualified one. . . when a plaintiff proceeds against the State and seeks evidence to vindicate important public rights guaranteed by federal law." (*Id.* (quoting *Bethune-Hill v. Va. State Bd. Of Elections*, 114 F.Supp.3d 323, 336 (E.D. Va. 2015)).

Secretary Thurston asserts that he "is not the custodian of the General **[*13]** Assembly's correspondence. But—to the extent that Secretary Thurston may possess any correspondence to or from legislators concerning the intent of legislative acts—the Satanic Temple's demands raise knotty legislative-privilege issues." (Dkt. No. 123, at 6). The privilege does not belong to Secretary Thurston; it belongs to members of the General Assembly and perhaps their staff members. The privilege can be waived. The Court is aware of no authority that the privilege is absolute, and courts that have addressed the privilege do not agree on its scope. The legislative privilege does not provide Secretary Thurston with a basis to refuse to respond to discovery requests. Even recognizing this, the Court observes the following with respect to this issue, noting that no party before the Court has properly invoked the legislative privilege as a basis to withhold information or documents sought through discovery in this matter.

The Court will apply federal law of privilege. Federal Rule of Evidence 501 provides:

> Except as otherwise required. . .the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of common law as they may be interpreted by the courts **[*14]** of the United States in light of reason and experience. . . . However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law.

**EXHIBIT A**

Fed. R. Evid. 501.

Courts that have addressed the issue in cases based on federal question jurisdiction have routinely applied federal privilege law. *See Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985); *Doe v. Nebraska*, 788 F. Supp. 2d 975, 981-82 (D. Neb. 2011); *Geissal v. Moore Medical Corp.*, 192 F.R.D. 620, 623 (E.D. Mo. 2000). This Court has federal question jurisdiction and will apply the federal law of privilege.

Next, the Court observes that a number of cases, particularly those involving potential violations of constitutional rights, have allowed queries into legislators' motivations. *See South Dakota Farm Bureau Inc. v. Hazeltine*, 340 F.3d 583, 594-96 (8th Cir. 2003) (reviewing meeting notes and materials to determine whether a discriminatory intent existed); *see also Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977) (noting it may be appropriate to examine legislative motivations); *Hayden v. Paterson*, 594 F.3d 150, 163 (2d Cir. 2010) (noting discriminatory intent is rarely susceptible to direct proof, and historical background is a proper source of inquiry in a due process case); *Bethune-Hill*, 114 F. Supp. 3d at 336. These cases address constitutional rights in which legislative intent was at issue. The Court has not resolved in this case **[*15]** whether and, if so, to what extent it will permit discovery to be withheld based on a claim of legislative privilege.

With respect to a claim of legislative privilege specifically, the Court has reviewed and cites the parties to the well-reasoned decision of *Doe v. Nebraska*, 788 F. Supp. 2d at 981-82, in which the court explained in regard to legislative privilege as applied to state legislators:

> [I]n most cases the only evidentiary legislative privilege regarding the production of documents available to state legislators (and other local government officials) is a very narrow and qualified one, sometimes referred to as a "deliberative process privilege." *See In re Grand Jury*, 821 F.2d 946, 958-59 (3d Cir. 1987); *Kay*, 2003 U.S. Dist. LEXIS 27311, 2003 WL 25294710 at *8-9; *Rodriguez*, 280 F. Supp. 2d at 95-6; *Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628, 637-639 (S.D. Cal. 2001); *Manzi v. DiCarlo*, 982 F. Supp. 125 (E.D. N.Y. 1997); *Florida Assn. of Rehabilitation Facilities, Inc. v. State of Florida Dept. of Health and Rehabilitative Services*, 164 F.R.D. 257, 266-68 (N.D. Fla. 1995); *Corporacion Insular de Seguros v. Garcia*, 709 F. Supp. 288 (D. Puerto Rico 1989).
>
> . . . Courts evaluating whether to apply the deliberative process privilege generally treat it as a qualified privilege and only protect documents from discovery after applying a balancing test based on the following factors: "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Qamhiyah*, 245 F.R.D. at 396 (quoting *F.T.C. v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)); *see also Rodriguez*, 280 F. Supp. 2d at 101 (quoting *In re Franklin Nat'l Bank Secs. Litig.*, 478 F. Supp. 577, 583 (E.D. N.Y. 1979)).
>
> . . .
>
> This court agrees with the reasoning of many **[*16]** courts that have held any legislative privilege regarding the production of documents available to state legislators is a qualified "deliberative process privilege." *Kay*, 2003 U.S. Dist. LEXIS 27311, 2003 WL 25294710 at *15-17; *Newport Pacific Inc.*, 200 F.R.D. at 637-639; *Rodriguez*, 280 F.Supp.2d at 95-96; *Manzi*, 982 F. Supp. at 129; *Corporacion Insular*, 709 F. Supp. at 296; *Florida Assn. of Rehabilitation Facilities, Inc.*, 164 F.R.D. at 266-68.
>
> . . .

The Court finds this decision well-reasoned but recognizes that the Court has not heard from the appropriate parties who hold and have standing to assert the privilege. The Court invites briefing within 45 days from the entry of this Order from the appropriate parties who hold and have standing to assert the privilege and wish to assert it as to specific documents in this case.

### (3) No Privilege Log

According to TSTI, Secretary Thurston engages in a strained reading of the discovery requests to mount a challenge based on requests that purportedly seek materials Secretary Thurston alleges may be covered by the attorney-client privilege and the work-product doctrine (Dkt. No. 123, at 7). TSTI requests that, to the extent the State is withholding documents under a claim of privilege, it produce a privilege log (Dkt. No. 120, at 3). The Court agrees with TSTI's request for a privilege

**EXHIBIT A**

log.

Secretary Thurston is directed to state explicitly in his objection to the document request that he is withholding specific **[*17]** documents from production based on a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege; blanket objections on this basis to a request are inappropriate at this stage of the litigation. To the extent Secretary Thurston is withholding specific documents in response to the request for production based on a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston must produce a privilege log in accord with this Court's Order. If Secretary Thurston is not withholding documents from production based on a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, he must withdraw this objection to the document request.

If any document is withheld from production or disclosure based on a claim of confidentiality under the attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston shall, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), for each document withheld, disclose a description of the document with as much specificity as is practicable without disclosing its contents, including:

> (a) the general nature of the **[*18]** document;
> (b) the identity and position of its author;
> (c) the date it was written;
> (d) the identity and position of its addressee;
> (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;
> (f) the document's present location and the identity and position of its custodian;
> (g) the specific request for production or requests for production to which Secretary Thurston maintains the document is responsive; and
> (h) the specific reason or reasons why it has been withheld from production or disclosure.

*See Doe v. Nebraska*, 788 F. Supp. 2d at 983-87 (explaining this practice in relation to privilege logs).

Upon receiving Secretary Thurston's privilege log, TSTI may then confer in good faith to resolve any remaining dispute regarding the production of a document or documents, and if it cannot be resolved, TSTI may then move to compel production of specific documents identified on the privilege log. Secretary Thurston has 30 days from the entry of this Order to produce a privilege log in compliance with the terms of this Order.

### (4) Relevance

Generally, the party resisting production or objecting to discovery on the grounds of relevancy carries the burden to sustain **[*19]** the objection. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000); *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692-93 (D. Minn. 1989). Relevancy is a difficult objection upon which to prevail during the discovery phase of an action. "[D]iscovery may not be had on matters irrelevant to the subject matter involved in the pending action . . . , and even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) (internal quotation and citation omitted); *see also Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005) ("A subpoena must also seek relevant information" (citing *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360-62 (8th Cir. 2003))). The party opposing the motion to compel must provide specific explanations or factual support as to how each request is improper. *St. Paul Reinsurance Co.*, 198 F.R.D. at 511-12.

Secretary Thurston asserts that TSTI seeks "production of items that are variously outside the scope of discovery, of vanishingly slight importance (if any) to resolving the issues in this action, and irrelevant to any party's claim or defense. . . ." (Dkt. No. 123, at 3). TSTI asserts that Secretary Thurston regularly raises relevance as an issue with respect to certain requested materials.

### (i) Correspondence

TSTI maintains that correspondence sent from the General Assembly members **[*20]** or their respective staff around the time of the complained-of Acts would tend to shed light on whether the purpose behind the Acts was to promote Christianity or denigrate Satanism (Dkt. No. 120, at 1, 4). Having considered the entire record before the Court, at this stage of the litigation the Court overrules Secretary Thurston's relevance objections to discovery requests and the production of documents within his possession, custody, or control

EXHIBIT A

Case 4:23-cv-00825-DPM   Document 16-2   Filed 04/19/24   Page 7 of 16

Page 7 of 16
2021 U.S. Dist. LEXIS 203757, *20

seeking specific correspondence as set forth in this Order.

**(ii) AHHF**

The AHHF is connected to the case because it donated the Ten Commandments monument at issue, according to TSTI (Dkt. No. 120, at 1). TSTI maintains that state-possessed governance documents and tax documents related to AHHF are relevant. The tax records, including any charity applications and charity disclosures, and state-filed governance records will provide a more complete picture of the purposes of the AHHF, according to TSTI. TSTI argues that, if the AHHF is religious or predominately fundraised from religious organizations, then that tends to establish that the monument is also religious (Dkt. No. 120, at 4 (citing *Felix v. City of Bloomfield*, 847 F.3d 1214 (10th Cir. 2017)).

Having considered the entire record before the Court, **[*21]** at this stage of the litigation the Court overrules Secretary Thurston's relevance objections to discovery requests and the production of documents within his possession, custody, or control seeking tax records, including any charity applications and charity disclosures, and state-filed governance records for AHHF.

**(iii) NACL**

The NACL's stated mission is to enact religious legislation for the purpose of providing Christianity preferential treatment to all other religions, according to TSTI (Dkt. No. 120, at 4). Two founding members of the NACL are Arkansas State Senator Rapert and Arkansas State Representative Hammer who introduced the two complained-of Acts and are directors of the AHHF. In argument before the Court, Secretary Thurston maintained that the creation of NACL post-dates the discussion surrounding and enactment of the challenged legislation, post-dates the placement of the Ten Commandments Monument, and post-dates the filing of this litigation. TSTI argues that, if Senator Rapert created the NACL with the base purpose to create proselytizing legislation and if the NACL is religious, then that tends to suggest that the prior campaign resulting in the Ten Commandments Monument **[*22]** was also religious.

Having considered the entire record before the Court, at this stage of the litigation the Court overrules the relevance objection and will allow some leeway during discovery with respect to the NACL, given the arguments of TSTI as to its relevance to the claims and defenses in this case.

**(5) Proportionality**

A party claiming requests are unduly burdensome cannot make conclusory allegations, but the party must provide some evidence regarding the time or expense required. See *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

Secretary Thurston claims that TSTI's discovery requests are overbroad and unduly burdensome (Dkt. No. 123, at 4). In his filing, he takes issue with being provided key words for electronic searches with respect to requests for correspondence (*Id.*, at 4-5). Secretary Thurston submits that "[t]he undue burden and excessive expense of the discovery demanded in these requests far outweighs their likely benefit." (*Id.*, at 5). In other places in his filing, Secretary Thurston identifies "the requested discovery's significant volume—an estimated 15,000 pages" (Dkt. No. 123, at 7), indicating to this Court that, in the approximately 45 days between the date the requests were propounded and objections were **[*23]** provided, Secretary Thurston was able to undertake steps to comply with the discovery request.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. TSTI provided search terms, and indications are that Secretary Thurston has already run these searches electronically to gauge the scope and volume of documents. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents. For these reasons, the Court overrules the proportionality objection on the record before it.

**(6) Blanket Objections**

TSTI maintains that, despite having claimed privilege on substantially all of the requested materials, Secretary Thurston lodges a generic objection to 13 of the 19 requests propounded by TSTI, stating as follows:

> Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine,

**EXHIBIT A**

Case 4:23-cv-00825-DPM   Document 16-2   Filed 04/19/24   Page 8 of 16

Page 8 of 16
2021 U.S. Dist. LEXIS 203757, *23

as well as legislative privilege to the extent that the request implicates items **[*24]** or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

(Dkt. No. 120, at 4-5). TSTI challenges the assertion of this privilege.

Blanket objections on this basis to a request are inappropriate at this stage of the litigation. If any document is withheld from production or disclosure based on a claim of confidentiality under the attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston shall, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) and in compliance with this Order, within 30 days from the entry of this Order produce a privilege log that complies with this Order.

## B. Specific Document Requests Subject To Motion

With respect to the specific requests for production that are the subject of TSTI's motion to compel, the Court rules as follows.

### (1) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 1

In its effort to engage in good faith negotiations, TSTI agreed to limit requests seeking correspondence to that sent by General Assembly members or staff, stating that correspondence sent by the Governor or staff need not be included **[*25]** (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. 1 and modifies it accordingly. To the extent TSTI believes this Court misunderstands its proposed limitation, TSTI may renew its motion to compel as to this request.

The Court overrules Secretary Thurston's relevance objection. Aside from a general relevance objection, Secretary Thurston takes no specific issue with the search terms proposed by TSTI, and therefore, no ruling is required by the Court on the search terms proposed by TSTI.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. TSTI provided search terms, and indications are that Secretary Thurston has already run these searches electronically to gauge the scope and volume of documents. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any **[*26]** document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (2) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 2

In its effort to engage in good faith negotiations, TSTI agreed to limit requests seeking correspondence to that sent by General Assembly members or staff, stating that correspondence sent by the Governor or staff need not be included (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. 2 and modifies it to require production of correspondence responsive to Request No. 2 sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member, General Assembly Member staff, the Secretary of State, or Secretary of State staff, excluding that sent by the Governor or staff. To the extent TSTI believes this Court misunderstands its proposed limitation, TSTI may renew its motion to compel as to this request.

**[*27]** The Court overrules Secretary Thurston's relevance objection. Aside from a general relevance objection, Secretary Thurston takes no specific issue with the search terms proposed by TSTI, and therefore, no ruling is required by the Court on the search terms proposed by TSTI.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. TSTI provided

EXHIBIT A

Case 4:23-cv-00825-DPM    Document 16-2    Filed 04/19/24    Page 9 of 16

Page 9 of 16
2021 U.S. Dist. LEXIS 203757, *27

search terms, and indications are that Secretary Thurston has already run these searches electronically to gauge the scope and volume of documents. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege **[*28]** log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (3) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 3

In its effort to engage in good faith negotiations, TSTI agreed to limit requests seeking correspondence to that sent by General Assembly members or staff, stating that correspondence sent by the Governor or staff need not be included (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. 3 and modifies it to require production of correspondence responsive to Request No. 3 sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member, General Assembly Member staff, the Secretary of State, or Secretary of State staff, excluding that sent by the Governor or staff. To the extent TSTI believes this Court misunderstands its proposed limitation, TSTI may renew its motion to compel as to this request.

The Court overrules Secretary Thurston's relevance objection. Aside from a general relevance objection, Secretary Thurston takes no specific issue with the search terms proposed by TSTI, and therefore, no ruling is required by the Court on the search **[*29]** terms proposed by TSTI.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. TSTI provided search terms, and indications are that Secretary Thurston has already run these searches electronically

to gauge the scope and volume of documents. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (4) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 4

In its effort to engage in good faith negotiations, TSTI agreed **[*30]** to limit requests seeking correspondence to that sent by General Assembly members or staff, stating that correspondence sent by the Governor or staff need not be included (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. 4 and modifies it to require production of correspondence responsive to Request No. 4 sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member, General Assembly Member staff, the Secretary of State, or Secretary of State staff, excluding that sent by the Governor or staff. To the extent TSTI believes this Court misunderstands its proposed limitation, TSTI may renew its motion to compel as to this request.

The Court overrules Secretary Thurston's relevance objection. Aside from a general relevance objection, Secretary Thurston takes no specific issue with the search terms proposed by TSTI, and therefore, no ruling is required by the Court on the search terms proposed by TSTI.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production. **[*31]**

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. TSTI provided search terms, and indications are that Secretary Thurston has already run these searches electronically to gauge the scope and volume of documents. There is nothing in the record before the Court to demonstrate

**EXHIBIT A**

Case 4:23-cv-00825-DPM   Document 16-2   Filed 04/19/24   Page 10 of 16

Page 10 of 16
2021 U.S. Dist. LEXIS 203757, *31

the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

**(5) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 5**

In its effort to engage in good faith negotiations, TSTI agreed to limit requests seeking correspondence to that sent by General Assembly members or staff, stating that correspondence sent by the Governor or staff need not be included (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. **[*32]** 5 and modifies it to require production of correspondence responsive to Request No. 5 sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member, General Assembly Member staff, the Secretary of State, or Secretary of State staff, excluding that sent by the Governor or staff. To the extent TSTI believes this Court misunderstands its proposed limitation, TSTI may renew its motion to compel as to this request.

The Court overrules Secretary Thurston's relevance objection. Aside from a general relevance objection, Secretary Thurston takes no specific issue with the search terms proposed by TSTI, and therefore, no ruling is required by the Court on the search terms proposed by TSTI.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. TSTI provided search terms, and indications are that Secretary Thurston has already run these searches electronically to gauge the scope and **[*33]** volume of documents. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

**(6) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 6**

In its effort to engage in good faith negotiations, TSTI agreed to limit requests seeking correspondence to that sent by General Assembly members or staff, stating that correspondence sent by the Governor or staff need not be included (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. 6 and modifies it to require production of correspondence responsive to Request No. 2 sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member, General Assembly Member staff, the Secretary **[*34]** of State, or Secretary of State staff, excluding that sent by the Governor or staff. To the extent TSTI believes this Court misunderstands its proposed limitation, TSTI may renew its motion to compel as to this request.

The Court overrules Secretary Thurston's relevance objection. Aside from a general relevance objection, Secretary Thurston takes no specific issue with the search terms proposed by TSTI, and therefore, no ruling is required by the Court on the search terms proposed by TSTI.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. TSTI provided search terms, and indications are that Secretary Thurston has already run these searches electronically to gauge the scope and volume of documents. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

EXHIBIT A

To the extent any document in Secretary [*35] Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (7) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 7

In its effort to engage in good faith negotiations, TSTI agreed to limit requests seeking correspondence to that sent by General Assembly members or staff, stating that correspondence sent by the Governor or staff need not be included (Dkt. No. 120-6, at 1). The Court imposes this limitation and certain others on Request No. 7 and modifies it to require production of correspondence that relates to The Satanic Temple or its activities, the Ten Commandments Monument, the Baphomet Monument, or this litigation sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member or General Assembly Member staff or the Secretary of State or Secretary of State staff. To the extent TSTI believes this Court misunderstands its proposed limitation, TSTI [*36] may renew its motion to compel as to this request.

The Court overrules Secretary Thurston's relevance objection.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. Indications are that Secretary Thurston has already run these searches electronically to gauge the scope and volume of documents. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (8) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 8

The [*37] Court overrules Secretary Thurston's relevance objection.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

Secretary Thurston asserts that, because the request seeks items that constitute public records, equally available and accessible to both parties, the request is objectionable. His objection suggests that he need not produce responsive documents. District courts in the Eighth Circuit have explicitly rejected the position that the production of publicly available documents cannot or should not be compelled through discovery. *See CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, 328 F.R.D. 231, 237 (N.D. Iowa 2018); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009); *see also CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, Case No. 4:10CV01863 JAR, 2012 U.S. Dist. LEXIS 60790, 2012 WL 1554908, at *4 (E.D. Mo. May 1, 2012) (requiring production of publicly available information because defendant was in the best position to identify information responsive to the discovery request). As such, this Court finds that the public availability of the documents does not preclude Secretary Thurston from being required to produce the documents, if the requests are otherwise proper. The Court overrules this objection. Secretary Thurston is [*38] required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order to the extent required by his response.

### (9) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 9

The Court overrules Secretary Thurston's relevance objection.

The Court grants, in part, and denies, in part, Secretary Thurston's proportionality objection on the record before

**EXHIBIT A**

this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents. However, the Court determines that at this stage TSTI may request production of the documents submitted to create the articles of incorporation, the articles of incorporation, and the mission statement/statement of purpose. The Court determines on the record before it that TSTI's request for franchise tax annual reports, charity designations, and charity reports are not proportional to the needs of discovery in this case, given the Court's understanding that NACL would not have generated these types of reports until after the events giving rise to this litigation and **[*39]** until after this litigation commenced.

Secretary Thurston asserts that, because the request seeks items that constitute public records, equally available and accessible to both parties, the request is objectionable. His objection suggests that he need not produce responsive documents. District courts in the Eighth Circuit have explicitly rejected the position that the production of publicly available documents cannot or should not be compelled through discovery. *See CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, 328 F.R.D. 231, 237 (N.D. Iowa 2018); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009); *see also CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, Case No. 4:10CV01863 JAR, 2012 U.S. Dist. LEXIS 60790, 2012 WL 1554908, at *4 (E.D. Mo. May 1, 2012) (requiring production of publicly available information because defendant was in the best position to identify information responsive to the discovery request). As such, this Court finds that the public availability of the documents does not preclude Secretary Thurston from being required to produce the documents, if the requests are otherwise proper. The Court overrules this objection.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this **[*40]** Court's Order.

**(10) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 10**

The Court overrules Secretary Thurston's relevance objection.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

**(11) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 11**

The Court overrules Secretary Thurston's relevance objection.

Secretary **[*41]** Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

EXHIBIT A

**(12) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 12**

The Court overrules Secretary Thurston's relevance objection.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought **[*42]** by this request for production.

The Court overrules, in part, Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents. However, Request No. 12 is unlimited in time and very broad in scope, seeking "all documents in the possession of the State of Arkansas or any of its employees." The Court imposes a time limit on and narrows the scope of this request. The Court modifies Request No. 12 to require production of all documents sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member or General Assembly Member staff or the Secretary of State or Secretary of State staff that relates to AHHF or its activities.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this **[*43]** Court's Order.

**(13) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 13**

The Court overrules Secretary Thurston's relevance objection.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules, in part, Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents. However, Request No. 13 is unlimited in time and very broad in scope, seeking "all documents in the possession of the State of Arkansas or any of its employees." The Court imposes a time limit on and narrows the scope of this request. The Court modifies Request No. 13 to require production of all documents sent or received during the period beginning January 1, 2015, to present to or from any General Assembly Member or General Assembly Member staff or the Secretary of State or Secretary of State staff **[*44]** that relates to NACL or its activities.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

**(14) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 14**

In its effort to engage in good faith negotiations, TSTI agreed to limit Request No. 14 to "meetings held between General Assembly members, or their staff, and non-General Assembly members." (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. 14 and modifies it accordingly.

The Court overrules Secretary Thurston's relevance objection.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before **[*45]** the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product

EXHIBIT A

doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (15) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 15

In its effort to engage in good faith negotiations, TSTI agreed to limit Request No. 15 to "meetings held between General Assembly members, or their staff, and non-General Assembly members." (Dkt. No. 120-6, at 1). The Court imposes this limitation on Request No. 15 and modifies it accordingly.

The Court overrules Secretary Thurston's relevance objection.

Secretary Thurston is directed to follow this Court's Order in supplementing his response with respect to any claim that he does not have possession, custody, or control over a document sought by this request for production.

The Court overrules Secretary **[*46]** Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (16) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 16

In its effort to engage in good faith negotiations, TSTI agreed to withdraw Request No. 16 (Dkt. No. 120-6, at 1). The Court imposes this modification and determines that, given the modification, the Court need not reach any remaining issues with respect to Request No. 16. To the extent TSTI seeks further ruling from the Court on Request No. 16, TSTI may renew its motion.

### (17) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 17

In its effort to engage **[*47]** in good faith negotiations, TSTI agreed withdraw Request No. 17 (Dkt. No. 120-6, at 1). The Court imposes this modification and determines that, given the modification, the Court need not reach any remaining issues with respect to Request No. 17. To the extent TSTI seeks further ruling from the Court on Request No. 17, TSTI may renew its motion.

### (18) Defendants' Responses to Intervenor's First Requests for Production of Documents -- Request No. 18

In its effort to engage in good faith negotiations, TSTI agreed to withdraw Request No. 18 (Dkt. No. 120-6, at 1). The Court imposes this modification and determines that, given the modification, the Court need not reach any remaining issues with respect to Request No. 18. To the extent TSTI seeks further ruling from the Court on Request No. 18, TSTI may renew its motion.

### (19) Defendants' Responses to Intervenor's Second Requests for Production of Documents -- Request No. 1

The Court overrules Secretary Thurston's relevance objection.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that **[*48]** would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

### (20) Defendants' Responses to Intervenor's Second Requests for Production of Documents -- Request No. 2

EXHIBIT A

The Court overrules Secretary Thurston's relevance objection.

The Court overrules Secretary Thurston's proportionality objection on the record before this Court. There is nothing in the record before the Court to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's **[*49]** Order.

**(21) Defendants' Responses to Intervenor's Second Requests for Production of Documents -- Request No. 3**

The Court overrules Secretary Thurston's relevance objection.

To the extent Secretary Thurston contends that responsive documents have already been produced in discovery, he must disclose by Bates number, category, or type in response to this request the responsive documents he believes have already been produced.

Secretary Thurston asserts that, because the request seeks items equally available and accessible to both parties, the request is objectionable. His objection suggests that he need not produce responsive documents. District courts in the Eighth Circuit have explicitly rejected the position that the production of publicly available documents cannot or should not be compelled through discovery. *See CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, 328 F.R.D. 231, 237 (N.D. Iowa 2018); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009); *see also CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, Case No. 4:10CV01863 JAR, 2012 U.S. Dist. LEXIS 60790, 2012 WL 1554908, at *4 (E.D. Mo. May 1, 2012) (requiring production of publicly available information because defendant was in the best position to identify information responsive to the discovery request). As such, this Court finds that the public availability of the documents does not preclude Secretary Thurston from being required to produce the documents, if the requests are otherwise proper. The Court **[*50]** overrules this objection.

To the extent any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston is required to produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order.

**III. Secretary Thurston's Motion For An Order To Show Cause And Compel**

Secretary Thurston contends that TSTI has failed to comply with this Court's March 1, 2020, and March 11, 2020, rulings to provide specific items responsive to Secretary Thurston's discovery requests (Dkt. No. 124, at 1). Secretary Thurston seeks an Order to show cause why TSTI should not receive a discovery sanction or be held in contempt and that the Court compel TSTI to produce the records (*Id.*).

**A. Requests For Production Nos. 1 And 3**

The Court denies Secretary Thurston's current motion to compel responses to Request for Production No. 3. Request for Production No. 3 which seeks tax returns is directed to TSTI as written, not to TSTI and its affiliates. There has been discussion among Secretary Thurston and TSTI about which affiliates, if any, constitute **[*51]** TSTI. The Court understands there may be three or there may be four affiliates that constitute TSTI, depending upon which party is responding to the inquiry (Dkt. No. 123, at 3-4).

During the March 11, hearing, the Court directed that Secretary Thurston propound new requests for production specifically seeking tax returns for the years he seeks to specify from the affiliates he seeks to specify, so as to avoid the Court making rulings on discovery requests not actually propounded in writing with the party receiving the request having no adequate time to respond and lodge objections, if appropriate. The Court did not orally modify Request for Production No. 3 as Secretary Thurston contends; the Court directed that new requests for production seeking such information be propounded by Secretary Thurston. The motion for an order to show cause and compel with respect to Request for Production No. 3 is denied. The Court does not understand that Secretary Thurston seeks from this Court a reconsidered ruling on Request for Production No. 2.

Secretary Thurston also takes issue with the corporate

EXHIBIT A

Case 4:23-cv-00825-DPM   Document 16-2   Filed 04/19/24   Page 16 of 16

Page 16 of 16
2021 U.S. Dist. LEXIS 203757, *51

governance documents produced by TSTI in response to Request for Production No. 1, but he seems to **[*52]** suggest that some documents were produced (Dkt. No. 124, at 4-5). It is unclear to the Court what Secretary Thurston seeks with regard to Request for Production No. 1 or how he contends TSTI's response to this request is deficient. For example, the Court is uncertain whether Secretary Thurston now seeks corporate governance documents for TSTI and its affiliates that constitute TSTI (Dkt. No. 124, at 10), without ever having received from the Court modification of this request or propounding a specific request directed to TSTI and its affiliates that constitute TSTI. The Court takes this request by Secretary Thurston under advisement and seeks further clarification from Secretary Thurston on his motion to compel response to Request for Production No. 1.

### B. Requests For Production Nos. 8 And 9

Secretary Thurston seeks in Requests for Production Nos. 8 and 9 correspondence between TSTI's managers and TSTI's local participants. TSTI objects based on relevance and on the qualified associational privilege. According to TSTI, associational standing does not turn on whether an organization had a preexisting presence in the State before the Ten Commandments Monument went up. TSTI also asserts **[*53]** that efforts TSTI put forth or failed to put forth to enact legislation are not at issue in this litigation. Instead, according to TSTI, the issue is whether the Ten Commandments Monument is religious in nature and what the intent of the Arkansas General Assembly was in enacting the challenged legislation. Further, TSTI maintains that the discovery requests are intended to harass and chill TSTI's rights of association and speech.

At this stage of the litigation and for discovery purposes only, the Court overrules TSTI's relevance objection. However, the request as written is objectionable because it is unlimited in time. The Court imposes the modification sought by Secretary Thurston and limits Requests Nos. 8 and 9 to the requested correspondence taking place between January 1, 2015, and this Court's grant of the Satanic Temple's amended motion to intervene on December 17, 2018 (Dkt. No. 124, at 12).

To the extent any document in TSTI's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the qualified associational privilege, TSTI is required to produce a privilege log consistent with the Federal Rules of Civil **[*54]** Procedure and this Court's Order. If a document or documents are withheld from production based on the qualified associational privilege, the Court will revisit the issue of whether that privilege protects from disclosure through discovery the claimed document or documents; the Court reserves ruling on this issue.

### C. Request For Production No. 10

Secretary Thurston seeks in his Request for Production No. 10 documents regarding remarks at the unveiling of the Baphomet Monument in Detroit, Michigan, on July 25, 2015. The Court is satisfied that TSTI has no other information or documents responsive to this request based on TSTI's written discovery responses, the representation that Secretary Thurston was permitted to obtain deposition testimony with respect to the matter, and the statements by its counsel during the hearing on the pending motions to compel. The Court denies Secretary Thurston's motion to compel with respect to this request.

### IV. Conclusion

To the extent the parties believe there are additional issues raised in their filings not addressed by the Court in its ruling, the parties may so inform the Court and request a ruling.

So ordered this the 22nd day of October, 2021.

/s/ Kristine **[*55]** G. Baker

Kristine G. Baker

United States District Judge

---

End of Document

